DECISION AND JUDGMENT ENTRY
{¶ 1} Isaiah C. Sudderth, petitioner below and appellant herein, appeals a Lawrence County Common Pleas Court judgment that denied his petition for post-conviction relief. Appellant assigns the following error for review: "THE TRIAL COURT ERRED IN FAILING TO MAKE SUFFICIENT FINDINGS OF FACT AND CONLCUSIONS [sic] OF LAW AND TO ADDRESS THE ISSUE RAISED IN APPELLANT'S POST-CONFICTION [sic] PETITION."
 {¶ 2} In 2007, appellant was convicted of murder and sentenced to an indefinite *Page 2 
term of imprisonment of fifteen years to life. He appealed that conviction. While the appeal was pending, appellant also filed a post-conviction relief petition in the trial court. The gist of that petition is that appellant received ineffective assistance from trial counsel because counsel did not adequately apprize him of the law surrounding "murder, self-defense, duty to retreat and voluntary manslaughter." Had he been sufficiently apprized of these matters, appellant continues, he would have requested that counsel (1) enter into plea negotiations for voluntary manslaughter, or (2) request a jury instruction for voluntary manslaughter.
 {¶ 3} Initially, the trial court dismissed the petition for lack of jurisdiction. Later, however, the court granted a motion for reconsideration and denied the petition on the merits. Rather than address the actual merits, the trial court appears to have considered that a portion of appellant's petition repeated the assignments of error raised in his direct appeal. The court denied his petition and appellant filed a timely notice of appeal. Subsequently, we affirmed appellant's conviction. See State v. Sudderth, Lawrence App. No. 07CA38,2008-Ohio-5115 (Sudderth I). This matter is now before us for review of the trial court's denial of appellant's post-conviction relief petition.
 {¶ 4} Appellant asserts in his assignment of error that the trial court did not issue findings of fact and conclusions of law that specifically addressed the issue that he raised in his petition.
 {¶ 5} As we mentioned above, appellant's petition did contain a recitation of the errors that he assigned for review in his direct appeal. See Sudderth I. It appears from our review of the trial court's July 31, 2008 entry that the court viewed those *Page 3 
assignments of error as the arguments that appellant advanced in his post-conviction relief petition. We remand this matter for the court to pass on the arguments set forth in the petition, rather than appellant's assignments of error.
 {¶ 6} Appellee counters that appellant's arguments in support of post-conviction relief are, in essence, the same arguments that he raised, and we rejected, in Sudderth I. See generally 2008-Ohio-5115, at ¶¶ 8-17 ¶¶ 24-25. Thus, appellee contends, the matter is res judicata. We disagree.
 {¶ 7} First, our decision in Sudderth I was issued one month after the trial court overruled appellant's post-conviction relief petition. Thus, the doctrine of res judicata would not have been applicable. Second, although we agree that these ineffective assistance claims are related, they are not identical. The claims in Sudderth I involved counsel's tactical decisions at trial. The ineffective assistance claim raised in the post-conviction relief petition, however, involves pre-trial advice that trial counsel gave to appellant. Admittedly, both claims concern the question of voluntary manslaughter, a jury charge for which this Court was highly skeptical in Sudderth I, but the claims are sufficiently distinct that we believe the trial court should conduct an accurate review.[1]
 {¶ 8} For these reasons, the trial court's judgment is hereby reversed and the matter remanded for further proceedings consistent with this opinion. *Page 4 
JUDGMENT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and the matter remanded for further proceedings consistent with this opinion. Appellant to recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. McFarland, J.: Concur in Judgment Opinion
[1] `We emphasize that we are not passing on the merits of this case and nothing in our opinion should be misconstrued as doing so. Additionally, we recognize that the trial court may, when evaluating a post conviction relief claim, assess the credibility of an affidavit in determining whether to accept the affidavit as a true statement of fact. See State v. Calhoun (1999),86 Ohio St.3d 279, 714 N.E.2d 905,1999-Ohio-102 for an excellent discussion of this concept, in particular, and post conviction relief proceedings in general. *Page 1